# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TEODORO  SIGALA-OLMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case  No. 1:14-cv-00940-WTL-DKL |
| | ) | |
| USA, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Discussing Motion for Relief Pursuant to
### 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons discussed in this Entry, the motion of Teodoro Sigala-Olmos ("Sigala") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

On March 13, 2013, Sigala was charged in Case No. 1:12-cr-159-WTL-DML-7 with three co-defendants in one count of a nine-defendant, eight-count superseding indictment. Count Five of the indictment charged Sigala with conspiracy to commit concealment money laundering involving the transportation of drug trafficking proceeds from the United States into Mexico.

On February 3, 2014, Sigala was charged in Case No. 1:14-cr-18-WTL-MJD-1 in a one-count Information with conspiracy to launder monies. The same day, Sigala filed a Petition to Enter a Plea of Guilty and a Plea Agreement in both cases.

The Plea Agreement was entered pursuant to 11(c)(1)(B) of the *Federal Rules of Criminal Procedure*. The Plea Agreement provided that Sigala would plead guilty as charged to Count One of the Information in No. 1:14-cv-14-18-WTL-MJD-1. The Agreement further provided that

Sigala understood that the final determination of his sentence, including the advisory sentencing guideline range, would be made by the Court. The Plea Agreement also contained a waiver of appeal, which stated:

> Defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the Government in this Plea Agreement, Defendant expressly waives his right to appeal the conviction and any sentence imposed on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, he also expressly agrees not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255.

In addition, the Plea Agreement included certain stipulations by the parties. Among these stipulations are the following:

> \*\*\*
>
> b. The parties reserve the right to argue the degree of increase to the base offense level based upon the money involved, pursuant to U.S.S.G. § 2B1.1(b)(l).
>
> c. The parties reserve the right to argue that the base offense level is increased by 6, as the defendant was aware the monies were proceeds of a drug offense, pursuant to U.S.S.G. § 2S1.1(b)(1).
>
> \*\*\*
>
> f. The parties agree that in the event the defendant is held responsible for more than a single transaction, that the defendant is entitled to a reduction of three levels for mitigating role, pursuant to U.S.S.G. § 3B1.2(b).

A Pre-Sentence Investigation Report ("PSR") was prepared and disclosed on March 24, 2014. The PSR found the base offense level to be 24, factoring in increases for the amount of money involved being more than $1,000,000 and less than $2,500,000, pursuant to U.S.S.G. §§ 2S1.1(a)(2) & 2B1.1(b)(1)(l). Six levels were then added as a result of Sigala's knowledge that the monies were proceeds of drug distribution, pursuant to U.S.S.G. § 2S1.1(b)(1). Two additional

levels were added for the statutory offense being money laundering, pursuant to U.S.S.G. § 2S1.1(b)(2)(B).

The PSR then reduced the advisory guidelines by three levels for mitigating role, pursuant to U.S.S.G. § 3B1.2(e) and three levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) & (b). The final adjusted offense level was determined to be 26. Sigala's criminal history included a prior drug offense, possession of cocaine in 2007, which placed him in Criminal History Category V. The advisory sentencing guidelines range was 110 to 137 months.

Sigala's counsel filed two objections to the PSR. The first objection concerned the adjusted base offense level of 24 rather than 22, contained in paragraph 19 of the PSR. Sigala objected that he should be held responsible only for laundering between $400,000 and $1,000,000, so that 14, instead of 16, levels would be added to the base offense level pursuant to U.S.S.G. § 2B1.1(b)(l). The objection stated that he only transported United States currency on the one occasion during which he and co-conspirator Salvador Saldivar were stopped by law enforcement in Arkansas, while transporting approximately $582,595. The second objection concerned the six-level enhancement contained in paragraph 20 of the PSR, based on Sigala's knowledge that the monies he was transporting were drug proceeds.

On May 14, 2014, the Court conducted a combined change of plea and sentencing hearing. At the hearing, Sigala agreed to the first six paragraphs of the Government's written factual basis. The Court heard the parties as to the remaining facts, and entertained arguments as to Sigala's objections to the PSR, as well as the appropriate sentence to be imposed. At the conclusion of the hearing, the Court held Sigala responsible for $1,000,000 or less, effectively sustaining Sigala's first objection and holding him responsible only for the monies seized on September 28, 2011. The Court then increased Sigala's base offense level by 14 rather than 16 levels, pursuant to U.S.S.G.

§ 2B1.1(b)(l). While the parties stipulated that a three level reduction for mitigating role would be warranted pursuant to U.S.S.G. § 3B1.1(b)(l), if he were held responsible for more than a single transaction, the Court granted the reduction without finding Sigala responsible for more than one trip.

As to Sigala's second objection, that he was not aware that the monies constituted drug trafficking proceeds, the Court found an increase of 6 levels was appropriate, pursuant to U.S.S.G. § 2S1.1(b)(1). The Court noted there was sufficient evidence, and indeed that common sense alone would dictate, that Sigala knew that the monies were from drug trafficking.

In addition to holding Sigala responsible for less than $1,000,000, and finding him entitled to a three level reduction for mitigating role, the Court reduced his offense level by three levels for full acceptance of responsibility. The resulting adjusted offense level was determined by the Court to be 24, rather than 26, as determined by the Probation Office in the PSR. With a Criminal History Category of V, Sigala-Olmos's advisory guideline sentencing range was 92 to 115 months' imprisonment. The Court sentenced him at the low end of the range, to 92 months' imprisonment. Sigala did not appeal his sentence.

## II. Discussion

Sigala now seeks relief pursuant to 28 U.S.C. § 2255. A motion pursuant to § 2255 is the presumptive means by which a federal prisoner challenges his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Specifically, Sigala argues that his counsel failed to file a notice of appeal and that his sentence is inappropriate. The United States argues that Sigala has waived his right to challenge his conviction and sentence and that his counsel was not ineffective.

A. *Waiver of Post-Conviction Relief*

In response to Sigala's petition for relief, the United States first argues that Sigala waived his right to challenge his conviction and sentence. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted).

The United States has shown that Sigala's waiver of his appellate rights must be enforced. First, Sigala has failed to show that his Plea Agreement was not knowing or voluntary. In fact, Sigala testified at the Guilty Plea Hearing that he understood he would be bound by the sentence imposed and that his plea was not the result of any threats or promises other than the agreements set forth in the Plea agreement and that he would be bound by the sentence imposed by the Court and not allowed to appeal it:

> THE COURT: Paragraph 14 tells me that you understand that you have the statutory right to appeal your conviction, your sentence and the manner in which that sentence is determined. However, acknowledging that you have that right and in exchange for the plea agreement, you are expressly waiving or giving up your right to appeal the conviction and any sentence imposed in this case on any ground.
>
> ***
>
> THE COURT: And lastly, the final provision indicates to me that you know that nobody has promised you anything or made any threats against you or made any representations to you about any other agreements. In other words, these are all the agreements you have with the government.
>
> THE DEFENDANT: Okay.

5

THE COURT: Okay, now, Mr. Sigala-Olmos, do you understand everything that I have just told you?

THE DEFENDANT: Yes, sir.

*United States v. Sigala-Olmos,* 1:14-cr-18-WTL-MJD-1 Plea and Sentencing Transcript (dkt 29),

("Tr." at 31-32).

Sigala also testified that he was satisfied with his counsel:

THE COURT: All right. With respect to Mr. Donahoe's representation of you, do you think you've had sufficient time to talk with him, to work with him, to try to consider any options that you might have regarding this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you satisfied with his counsel, his representation, and the advice that he's given you as your lawyer?

THE DEFENDANT: Yes, sir, Your Honor.

THE COURT: Is there anything that you wanted Mr. Donahoe to do as your lawyer that he's failed to do?

THE DEFENDANT: No, sir, I don't believe.

Tr. 43. Thus, Sigala has not shown that his plea was not knowing and voluntary. Sigala further has not shown that the Court relied on an impermissible factor or that sentence he received exceeded the statutory maximum.

Sigala alludes to an argument that his counsel was ineffective for failing to file a notice of appeal. But, as previously explained, because his plea was voluntary, the waiver of appeal must be enforced. *Nunez v. United States,* 546 F.3d 450, 454 (7th Cir. 2008); *United States v. Wenger,* 58 F.3d 280 (7th Cir. 1995). In other words, "[o]nce a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver." *Id.* at 456. At the Guilty Plea Hearing, Sigala expressed

his understanding that he was waiving his right to appeal or otherwise challenge his conviction and sentence. He has therefore failed to show that his counsel was ineffective for failing to appeal.

Sigala has failed to show any reason why his waiver of appellate rights in his Plea Agreement should not be enforced. Accordingly, his motion for relief pursuant to § 2255 can be denied for this reason.

B. *Sentencing*

Notwithstanding Sigala's waiver of his challenge to his sentence, the Court will proceed to address Sigala's arguments with regard to his sentence. He asserts that he deserved a minor role reduction, that the Court reached an incorrect conclusion regarding the amount of money laundered, that his criminal history was excessive, and that he was not aware that the money at issue was generated from drug trafficking.

Sigala has failed to show that he is entitled to relief based on any of these arguments. First, the Court considered his role in the conspiracy, found him to have played a minor, but not minimal, role and provided him with a 3-level reduction. Tr. 95. Next, the Court carefully considered the amount of money that was laundered. Sigala acknowledged that there was in excess of $500,000 laundered. Tr. 40-41. He is bound to those statements. *See United States. v. Loutos,* 383 F.3d 615, 619 (7th Cir. 2004) (testimony during a plea colloquy is presumed to be true). The Court also fully considered Sigala's criminal history appropriately under the sentencing guidelines. Tr. 96-97. Sigala has identified no legal error in the Court's conclusion regarding his criminal history. Finally, the Court carefully considered Sigala's objection that he was not aware that the money at issue constituted drug trafficking proceeds. Tr. 93. In other words, while Sigala argues that his sentence was inappropriate, he has identified no error in his sentence. Accordingly, even if he had not waived a challenge to his sentence, his challenge would still be unsuccessful.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Sigala is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:14-cr-18-WTL-MJD-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Sigala has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/9/16

Distribution:

TEODORO  SIGALA-OLMOS
11308-028
FCI Pollock
P.O. Box 4050
Pollock, LA 71467

All electronically registered counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

8